

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER EUSTICE** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | NO. ____4:15CV3180 |
| | § | |
| **TEXAS A & M UNIVERSITY** | § | |
| **And** | § | |
| **MICHAEL K. YOUNG** | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES CHRISPOPHER EUSTICE, Plaintiff, by and through his counsel of record, Donald G. Henslee, from the Law Offices of Donald G Henslee, complaining of Texas A&M University, its President, Michael K. Young, (hereinafter collectively referred to as "Defendants") and files this his Original Complaint and Jury Demand and would respectfully show as follows:

### I. JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1331 28 U.S.C. § 1367; 29 U.S.C. § 794 and 42 U.S.C. §§ 12131–12150.

### II. VENUE

2.  Venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in Brazos County, in the Southern District of Texas, Houston Division.

### III: PARTIES

3.     At all times relevant to this action, Christopher Eustice, Plaintiff herein, was a student at Texas A&M University in College Station.   His permanent home address is 655 West Forest Dr., Houston, TX 77079.  His current student address is 101 LSU Student Union Building, LSU Box# 1757 Baton Rouge, LA 70803

4.     Defendant Texas A&M University (Hereinafter referred to as TAMU) is a Texas governmental entity located at 401 Joe Routt Blvd, College Station, TX  77843. Defendant may be served with process through its President, Michael K. Young, at the same address.

5.     Defendant Michael K. Young (Hereinafter referred to as Dr. Young) is the President of Texas A&M University, where he can be served with at 401 Joe Routt Blvd, College Station, TX  77843.

### IV. STATEMENT OF FACTS

6.     Plaintiff became a student at Texas A&M University at the beginning of the Fall semester, 2012.

7.     Plaintiff experienced success in his academic performance while at TAMU.

8.     On October 15, 2013, during a regular class under Dr. Yong-Joe Kim the entire class was handed back a previous test on which Plaintiff received a failing grade.

9.     Upon requesting a re-grade, Plaintiff is accused by Dr. Kim of cheating on the exam because the exam "looked different from the other exams".

10.    When pressed for a meaningful reason for this conclusion, Dr. Kim would not give further reasons.

11.    Plaintiff was given an "F" grade for the exam and therefore not allowed to drop the course without the appearance of this grade.

12.    On October 20, 2013 Plaintiff filed an appeal of this decision pursuant to appeal procedures given him by his TAMU assigned case manager Terri Allison.

13.    On October 29, 2013, Plaintiff was denied a hearing appeal of any kind by Tim Powers, the director of the TAMU Aggie Honor System Office, in contravention of TAMU's hearing and appeal procedures.

14. From October 29, 2013 to November 11, 2013 Plaintiff attempted to bring this to the attention of TAMU administrators, but was denied any opportunity to do so.

15. On October 11, 2013, Mr. Powers abruptly left a meeting with Plaintiff and refused to discuss the matter further after telling Plaintiff that "the constitution allows professors to do whatever they want". The failing grade remains on Plaintiff's transcript.

16. On November 13, 2014, a lab report became due. Plaintiff was four days late turning in that report, and accidentally turned in the wrong report, which mistake he later corrected.

17. Plaintiff received a grade of zero on the report, when the usual sanction was a letter grade reduction.

18. On or about November 21, 2014 Dr. Maggard, Plaintiff's professor in the matter at issue, reversed his decision and granted Plaintiff a letter grade deduction instead of a zero.

19. On that same date, Dr. Maggard submitted an allegation of plagiarism to the Aggie Honor System Office (AHSO), contending that the lab report was plagiarized from another student's work.

20. On or about November 5, 2014, after an investigation by the AHSO, a separation hearing before the Honor Council was held.

21. Plaintiff was led to believe by TAMU officials that he had no role at the hearing and was led to believe that he could not bring evidence and witnesses.

22. Plaintiff was led to believe by TAMU officials that Plaintiff's teaching assistant for this course would be at the hearing. He was not there, to Plaintiff's great detriment.

23. The Honor Council decided that Plaintiff should be given a zero on the paper and that he be expelled from TAMU.

24. Plaintiff appealed that decision to the TAMU Honor Appeals Board.

25. On or about November 18, 2014, two TAMU police officers appeared at Plaintiff's dorm and ask to enter his room as part of a "welfare check" to check for the presence of firearms. Plaintiff refused permission and assures them that no firearms are present in the room.

26. Plaintiff is told by the Dean of Student Life that this attempted search was a result of a video on Plaintiff's Facebook page showing him firing a weapon.

27. Plaintiff is a member of the TAMU shooting team and frequently engages in firearms practice, a fact well known to TAMU officials. The search was a pretext for the harassment and retaliation by TAMU officials for the exercise of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

28. Plaintiff has been vigorous and persistent in insisting that Defendants follow their own rules and the law. That persistence has caused great resentment among TAMU faculty and administrators and has resulted in animosity for challenging their belief that they have absolute power and unbridled discretion where student matters are concerned.

29. On or about November 19, 2014 Plaintiff attended his appeal hearing.

30. On that date the Committee amended the sanction to receiving an F for the entire course and suspension from TAMU for two years.

31. On or about November 20, 2014, Plaintiff attempted to make an appointment with the Dean of Student Life, which was refused. Plaintiff waited in the waiting room of the Dean until someone would make an appointment for him.

32. Two TAMU police officers appeared, hands on tasers, and removed Plaintiff from the office with their hands on him.

33. Three days later, despite Plaintiffs pleas for request for more time, he and his family were forced to remove his property from his dorm in the rain in retaliation for Plaintiff's action of sitting in the reception room of the Academic Provost until she agreed to at least make an appointment for the future.

34. TAMU, through its teaching staff and administrators, engaged in harassing and retaliatory behavior for Plaintiff's exercise of his constitutional rights to due process of law and freedom of speech, and without regard for Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973 and the Americans With Disabilities Act.

35. TAMU's illegal and unconstitutional actions, taken through its staff and administration, are systemic as a result of policies and practices developed both in

its policy and rulemaking process and through an autocratic attitude developed over time.  These failures are exemplified by the words and deeds of the faculty and administration in these disgraceful actions.

## V.  FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S DUE PROCESS
## RIGHTS UNDER THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION

36.  The recitations contained in the Statement of Facts above are incorporated in this section as if repeated herein.

37.  None of the UTMB procedures described above meet even the most rudimentary requirements of either procedural or substantive due process of law.

38.  Defendants have refused to apply their existing hearings and appeals policies and procedures in a manner comporting with their duties under the 14th Amendment to the United States Constitution.

39.  Plaintiff has been deprived of an important property interest.  He is left burdened additional student loans and related costs due the costs of transferring to another university after his dismissal and other costs and expenses and the damage to his reputation.

40.  Plaintiff has been deprived of his liberty interest in his reputation.

41.  These actions were the proximate cause of Plaintiff's injuries.

## VI.  SECOND CAUSE OF ACTION - SECTION 504 OF THE
## REHABILITATION ACT OF 1973 AND THE
## AMERICANS WITH DISABILITIES ACT

42.  Plaintiff is a disabled individual under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and  the  Americans With Disabilities Act, 42 U.S.C. §§ 12131-12150, where disability is  defined  as  a physical  or  mental  impairment that  substantially limits one  or  more  of  the  major  life  activities of  an individual,  a  record  of  such  an impairment, or being regarded as having such an impairment.

43. Plaintiff requested accommodations for testing because of his diagnosed and identified disability, Attention Deficit/Hyperactivity Disorder. These accommodations were refused.

44. Defendants made none of the accommodations requested and required by each of these laws before acting based on behaviors directly related to and resulting from this disability, even after being made aware of Plaintiff's disability.

45. TAMU is the recipient of federal funds.

46. These actions were the proximate cause of Plaintiff's injuries.

## VII.  THIRD CAUSE OF ACTION
## DAMAGE TO REPUTATION

47. The recitations contained in the Statement of Facts above are incorporated in this section as if repeated herein.

48. Defendant has caused great harm to Plaintiff's reputation by their actions without good cause or due process of law.  These actions were taken with a conscious indifference to Plaintiff's rights enumerated herein and are a part of a pattern and practice of disregard for students' legal and constitutional rights.

49. TAMU's petroleum engineering department is universally acknowledged to be to top rated such program in the United States.  Plaintiff's dismissal from the program forced him to enroll in a lesser program, damaging his reputation and diminishing his lifetime earnings.

50. Defendant's reputation has been damaged greatly because of the illegal and unconstitutional acts of TAMU and its staff and administration.

51. These actions were the proximate cause of Plaintiff's injuries.

## VIII.  INJUNCTIVE RELIEF

52. Plaintiff will suffer irreparable harm if the Defendant is allowed to continue its present course of action.

53. Defendant's actions described above consist of wrongful acts.

54. There exists imminent harm in the actions of Defendant described above.

55. There is no adequate remedy at law.

56.     Plaintiff has exhausted all administrative remedies.

## IX.  DAMAGES

57.     Plaintiff is entitled to damages in excess of the jurisdictional limits of this court to compensate Plaintiff for:

   a.   Reimbursement for additional tuition, costs and fees at LSU.

   b.   Damages in an amount exceeding the jurisdictional limits of this court for failing to grant the accommodations requested and required by Section 504 of the Rehabilitation Act of 1973 and the Americans With Disabilities Act.

   c.   Lifetime economic damages caused by the necessity to transfer to an institution of lesser prestige.

   d.   Damages in an amount exceeding the jurisdiction of this court for damage to Plaintiff's reputation.

   e.   Damages for violations of Plaintiff's constitutional rights in an amount exceeding one million dollars ($1,000,000) dollars.

   f.   Damages for violations of state and federal laws and regulations.

   g.   Punitive damages in an amount sufficient to punish Defendant for its illegal and unconstitutional behaviors and actions and discourage it from acting in a like manner in the future.

   h.   Attorneys' fees in an amount to be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants, jointly and severally, in the manner and particulars noted above, and in an amount sufficient to fully compensate Plaintiff for the elements of damages enumerated above, judgment for damages, reversal of the improper grade receive as described in this action and recovery of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, together with pre- and post-judgment interest, and court costs expended herein, and for such other relief as this Court in law and in equity, deems just and proper.

Respectfully submitted,

*Donald H. Henslee*

**Donald G. Henslee**
Attorney at Law
Law Offices of Donald G. Henslee
700 Lavaca Street, Suite 1400
Austin, Texas 78701
State Bar Number 09488500
(512) 320-9177 [Telephone]
(512) 597-1455 [Facsimile]
dhenslee@school-law.co [Email]
**ATTORNEY FOR PLAINTIFF**